Jay D. Kenigsberg (JK 1739)
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000
Attorneys for Capitol Indemnity Corporation
and Capitol Specialty Insurance Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK GELFMAN, YANIS GELFMAN,

                Plaintiffs,

      -against-

CAPITOL INDEMNITY CORPORATION, CAPITOL
SPECIALTY INSURANCE CORPORATION,

                Defendants.
-----------------------------------------------------------------X

Civil Action No. CV11-0236 (DLI)

**DEFENDANTS CAPITOL INDEMNITY CORPORATION'S AND CAPITOL SPECIALTY INSURANCE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

      Defendants Capitol Indemnity Corporation and Capitol Specialty Insurance Corporation (the "Defendants"), as and for their Answer to the Complaint, by and through their attorneys, Rivkin Radler LLP, allege upon information and belief as follows:

      1.    Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 1 of the Complaint.

      2.    Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 2 of the Complaint.

      3.    Deny each and every allegation of paragraph 3 of the Complaint, except admit Capitol Specialty Insurance Corporation ("CSIC") is a wholly-owned subsidiary of Capitol Indemnity Corporation ("CIC") and that Defendants are corporations engaged in the business of

insurance which have transacted business in New York State and are headquartered in Middleton, Wisconsin.

4. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 6 of the Complaint.

7. Defendants need not respond to paragraph 7 of the Complaint as this paragraph does not allege facts, but merely provides Plaintiffs' summary of a lawsuit allegedly filed on June 2, 2008. To the extent a response is required, Defendants admit that a complaint was filed in this District by the Kuklachevs against the Gelfmans (the "Underlying Action") and Defendants respectfully refer the court to a true and accurate copy of that pleading to the extent needed.

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 12 of the Complaint.

13. Admit the allegations of paragraph 13 of the Complaint, to the extent that CSIC issued policies CS 00218055, in effect between September 1, 2006 and September 1, 2007 and CS 00217969, in effect between September 1, 2007 and September 1, 2008 (hereafter, "the Policies"). Defendants deny the allegation in paragraph 13 of the Complaint that CIC is also known as CSIC. Defendants deny knowledge or information sufficient to form a belief concerning the remaining allegations of said paragraph.

14. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 14 of the Complaint, except admit that a complaint was filed in the Underlying Action and Defendants respectfully refer the court to a true and acceptable copy of that pleading as needed.

15. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 17 of the Complaint, except admit that CSIC retained the law firm of Bond, Shoeneck & King PLLC in or about October 2008 to defend Plaintiffs in the Underlying Action.

18. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 18 of the Complaint, except admit that what appears to be a September 19, 2008 e-mail exchange between Michael Wedwick and Plaintiffs is attached as Exhibit 1 to

the Complaint and Defendants further admit that CSIC retained the law firm of Bond, Shoeneck & King PLLC in or about October 2008 to defend Plaintiffs in the Underlying Action.

19. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 19 of the Complaint, except admit that what appears to be an October 30, 2008 e-mail between George McGuire and Jim Woods is attached as exhibit 2 to the Complaint and Defendants further admit that CSIC retained the law firm of Bond, Shoeneck & King PLLC in or about October 2008 to defend Plaintiffs in the Underlying Action.

20. Admit the allegations of paragraph 20 of the Complaint as to CSIC and deny the allegations of paragraph 20 of the Complaint as to CIC.

21. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 21 of the Complaint.

22. Defendants need not respond to paragraph 22 of the Complaint to the extent it does not allege facts, but merely provides Plaintiffs' summary of an ongoing litigation. To the extent a response is required, Defendants deny each and every allegation of said paragraph, except admit that CSIC sent a reservation of rights letter dated December 30, 2008 to Plaintiffs, which letter will speak for itself.

23. Defendants need not respond to paragraph 23 of the Complaint to the extent it does not allege facts and merely sets forth conclusions of law. To the extent a response is required, Defendants admit that CSIC issued a disclaimer letter to Plaintiffs dated June 4, 2009 and specifically deny that said letter was untimely or in disregard of any of the obligations CSIC had under the Policies. CIC denies the allegations of paragraph 23 of the Complaint as they pertain to CIC.

24. Admit the June 4, 2009 disclaimer letter to Plaintiffs indicated CSIC would provide a defense for 60 additional days (through August 3, 2009) and deny the remaining allegations of paragraph 24 of the Complaint. CIC denies the allegations of paragraph 24 of the Complaint as they pertain to CIC.

25. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 25 of the Complaint.

26. Defendants need not respond to paragraph 26 of the Complaint to the extent it does not allege facts and merely sets forth conclusions of law. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief concerning the allegations of said paragraph.

27. Deny knowledge or information sufficient to form a belief concerning the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief concerning the allegations of paragraph 28 of the Complaint.

29. Deny each and every allegation of paragraph 29 of the Complaint.

30. Deny each and every allegation of paragraph 30 of the Complaint.

31. Deny each and every allegation of paragraph 31 of the Complaint, except admit CSIC having sent Plaintiffs a reservation of rights letter dated December 30, 2008 and a disclaimer letter dated June 4, 2009, which letters speak for themselves.

32. Deny each and every allegation of paragraph 32 of the Complaint.

33. Deny each and every allegation of paragraph 33 of the Complaint.

34. Deny each and every allegation of paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint, Defendants refer to the June 8, 2009 e-mail attached as Exhibit 5 to the Complaint, which speaks for itself, and denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Deny each and every allegation of paragraph 36 of the Complaint.

37. Deny each and every allegation of paragraph 37 of the Complaint.

38. Deny each and every allegation of paragraph 38 of the Complaint.

39. Deny each and every allegation of paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the Complaint fails to state a cause of action against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that Plaintiffs' Complaint fails to present to this Court a justiciable case or controversy involving any insurance policy issued by CSIC.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that there was a failure by plaintiffs to take reasonable measures to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the underlying claims seek coverage for the insured's intentional or unlawful acts.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, due to Plaintiffs' failure to comply with the notice requirements under the Policies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that Plaintiffs engaged in activities relative to the underlying claims without prior consent, knowledge or approval of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the contractual liability exclusion contained in the Policies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the Knowing Violation of Right of Another exclusion contained in the Policies.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the criminal acts exclusion contained in the Policies.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the infringement of copyright, patent, trademark or trade secret exclusion contained in the Policies.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the unauthorized use of another's name or product exclusion contained in the Policies.

## TWELVETH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the material published with knowledge of falsity exclusion contained in the Policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the expected or intended injury exclusion contained in the Policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the personal and advertising injury limitations/oral or written publication/unauthorized use of or infringement exclusion contained in the Policies.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the Breach of Contract exclusion contained in the Policies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the electronic chatrooms or bulletin boards exclusion contained in the Policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the Complaint does not complain of property damage or personal and advertising injury as defined under the Policies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the underlying claims do not complain of property damage or personal and advertising injury liability which occurred during the policy period applicable to the Policies.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the underlying claims do not complain of an occurrence within the meaning of the Policies.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the underlying claims seek entitlement to coverage for fines, penalties or punitive damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the underlying claims seek coverage for sums exceeding the limits of liability set forth in the Policies.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the insured has other insurance which is applicable to the alleged losses arising from the underlying claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the insured has breached or failed to fulfill its obligations and duties of cooperation as required by the Policies.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the underlying claims constitute a known loss or loss in progress at the commencement of the Policies.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent plaintiffs knew or reasonably should have known of the risks associated with the underlying claims prior to obtaining coverage from CSIC and failed to disclose this knowledge to CSIC.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent that the acts, or failures to act, giving rise to the allegations in the underlying claim were in violation of law and/or public policy.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, due to plaintiffs' failure to meet their burden of establishing prejudice resulting from the actions of Defendants described in the Complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The affirmative defenses set forth herein cannot be an exhaustive list of all affirmative defenses ultimately applicable since additional affirmative defenses may be found to be applicable upon the completion of discovery. Defendants specifically reserve and preserve such affirmative defenses without waiver.

**WHEREFORE,** Defendants Capitol Indemnity Corporation and Capitol Specialty Insurance Corporation requests that this Honorable Court enter judgment in its favor, along with

an award of attorneys' fees and costs and such other relief as this Honorable Court deems just and reasonable.

Dated: Uniondale, New York
      March 9, 2011

                                                                     _____
                                                                     Jay D. Kenigsberg, Esq. (JK 1739)
                                                                     RIVKIN RADLER LLP
                                                                     Attorney for Defendants
                                                                     926 RXR Plaza
                                                                     Uniondale, New York  11556-0926
                                                                     Telephone: (516) 357-3000

2461964 v1