UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**MARK GELFMAN** and
**YANIS GELFMAN,**

                  **Plaintiffs,**           **MEMORANDUM AND ORDER**

        -against-                       11-CV-236 (DLI)

**CAPITOL INDEMNITY CORPORATION,**
**CAPITOL SPECIALTY INSURANCE**
**CORPORATION,**

                  **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The Court is in receipt of defendants' letter to the Court dated November 7, 2011, ECF Docket Entry ("DE") #35, concerning proposed scheduling and the status of the parties' discussions over defendants' discovery demands.

      (1) <u>Mediation</u>: The parties shall promptly notify the ADR Clerk, Gerald Lepp, that they have agreed upon a potential mediator (Arnold D. Herz) and that they request that mediation take place in January 2012. By January 31, 2012, the parties shall file an updated status report and a proposed schedule for the completion of discovery.

      (2) <u>Discovery</u>: The Court is pleased to hear that the parties have been able to resolve most of their discovery disputes. With respect to the settlement agreement in the case <u>Kuklachev v. Gelfman</u>, 08CV2214 (DLI)(VVP), counsel is incorrect in stating that the referenced agreement was filed under seal in the <u>Kuklachev</u> case. In fact, a review of the docket sheet in that case reflects that while the parties informed the assigned magistrate judge that the parties had signed a settlement agreement, <u>see</u> Letter to Judge Pohorelsky (Oct. 6,

2010), DE #42 in <u>Kuklachev v. Gelfman</u>, 08CV2214, and did thereafter file a stipulation of dismissal, <u>see</u> DE #425 in <u>Kuklachev</u>, the parties' underlying settlement agreement was never entered into the court file, under seal or otherwise.  Therefore, this Court cannot ascertain whether the agreement itself provides a procedure for resolving any issues regarding the confidentiality of the document.

In any event, whatever the agreed-upon procedures, the parties to that settlement agreement presumably have the ability to stipulate to disclosure under defined circumstances.  Therefore, the parties in this case are directed to confer with counsel for the Kuklachev plaintiffs in the prior action and to ascertain whether the Kuklachevs will consent to allow the Gelfmans to disclose the settlement agreement (and documents relating thereto) to defendants and their attorney in this case, pursuant to the confidentiality order previously issued by this Court in the instant action, DE #21-2.  If an agreement for disclosure cannot be reached, the parties and counsel for the Kuklachevs shall, by November 15, 2011, propose a mechanism for presenting their dispute for judicial resolution.

       **SO ORDERED.**

Dated:    Brooklyn, New York
            November 7, 2011

                                                **ROANNE L. MANN**
                                                **UNITED STATES MAGISTRATE JUDGE**