**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**MARK GELFMAN** and
**YANIS GELFMAN,**

                              **Plaintiffs,**

                             -against-

**CAPITOL INDEMNITY CORPORATION,**
**CAPITOL SPECIALTY INSURANCE**
**CORPORATION,**

                              **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**11-CV-236 (DLI)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Defendants Capitol Indemnity Corporation and Capitol Speciality Insurance Corporation ("defendants") seek an order compelling the production of a confidential settlement agreement (the "Agreement"). <u>See</u> Letter with Exhibit A (Feb. 2, 2012) ("2/2/12 Def. Letter"), Electronic Case Filing Document Entry ("D.E.") # 44. The Agreement was entered into by *pro se* plaintiffs Mark Gelfman and Yanis Gelfman (the "Gelfmans" or "plaintiffs") and Yuri and Dmitri Kuklachev (the "Kuklachevs") to settle an earlier action concerning various intellectual property rights (the "Prior Action"). In the instant matter, plaintiffs have alleged that defendants acted in bad faith when they abruptly withdrew as counsel in the Prior Action on the eve of court-ordered mediation. <u>See</u> Complaint ("Compl.") ¶¶ 22-23, D.E. #1.

      Although the Kuklachevs objected to the production of the entire Agreement,[1] the

---

[1] The plaintiffs apparently did not object when this issue first arose. <u>See</u> Letter by Capitol
                                                                        (continued...)

Kuklachevs and plaintiffs agreed to provide defendants "with access to all terms of the Agreement which purportedly support plaintiffs' damages against Capitol[.]" Letter Submitted on Behalf of Plaintiffs and Capitol (Nov. 15, 2011) at 2, D.E. #37.  Thereafter, the Kuklachevs and plaintiffs provided defendants with a stipulation that allegedly set forth all of the terms in the Agreement that were relevant to plaintiffs' damages against defendants in the instant action.  See Stipulation (Dec. 6, 2011), D.E. #44-1.  However, defendants were not satisfied with plaintiffs' and the Kuklachevs' representations and now seek to compel production of the entire Agreement, see generally 2/2/12 Def. Letter, which, pursuant to court order, see Order (Feb. 10, 2012), D.E. #46, has been submitted to the undersigned magistrate judge for its *in camera* review.

Plaintiffs' complaint in this action broadly frames their demand for damages. In particular, plaintiffs allege that because they were forced to settle the Prior Action when defendants withdrew as counsel, plaintiffs lost "rights . . . by abandoning the brand that [plaintiffs] heavily invested in and believed was rightfully and legally theirs."  Compl. ¶ 37.  The Agreement that is the subject of the pending motion bears on the Gelfmans' relinquishment of such rights.  Indeed, in opposing the current motion to compel, plaintiffs acknowledge the relevancy of the Agreement to their damages claim.  See Letter Dated 2/8/12 From Yanis Gelfman (docketed Feb. 9, 2012) at 1, D.E. # 47.

---

[1](...continued)
Indemnity Incorporation (Nov. 7, 2011) at 3, D.E. #35 (plaintiffs did not oppose jointly applying to Court seeking production of the Agreement from the Kuklachevs); Memorandum & Order (Nov. 7, 2011) at 2, D.E. #36 (directing parties to ascertain whether *the Kuklachevs* would consent to produce the Agreement) (emphasis added).

Although plaintiffs apparently claim that they have revealed all terms of the Agreement relevant to damages, the Court concludes that such a narrow reading of the Agreement is not warranted. For example, based on its *in camera* examination of the Agreement, the Court finds that the Stipulation does not disclose all terms that relate to activities that the Gelfmans agreed to forego. Plaintiffs' damages claim centers on the harm resulting from settling the Prior Action, and thus, the entire Agreement should be made available to defendants. See Levick v. Maimonides Med. Ctr., No. 08 CV 3814(NG), 2011 WL 1673782, at *4 (E.D.N.Y. May 3, 2011) (settlement agreement from prior action that could shed light on plaintiff's alleged injuries in current case was relevant and subject to disclosure). To guard against any confidentiality concerns, the Court directs that the parties treat the Agreement as "Confidential Information" in accordance with the Court's April 22, 2011 protective order. See Order for the Production and Exchange of Confidential Information, D.E. #21-2.

The Clerk is directed to enter this Memorandum and Order into the ECF system and to mail copies to the Gelfmans and to counsel for the Kuklachevs.

**SO ORDERED.**

Dated: Brooklyn, New York
March 2, 2012

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE