UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARK GELFMAN and
YANIS GELFMAN,

                            **Plaintiffs,**                      <u>MEMORANDUM AND ORDER</u>

          -against-                          11-CV-236 (DLI)

CAPITOL INDEMNITY CORPORATION,
et al.,

                           **Defendants.**
-------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

Having reviewed defendants' May 11th letter-motion for a hearing regarding an extension of discovery previously granted by the Court, <u>see</u> Letter Motion for Hearing (May 11, 2012), Electronic Case Filing Docket Entry ("DE") # 51, as well as *pro se* plaintiffs' May 14th letter disputing the facts recounted in defendants' letter, <u>see</u> Letter dated 5/14/12 from Yanis Gelfman (docketed May 15, 2012) ("Pl. Letter"), DE #52, the Court adheres to its May 4th order extending fact discovery until June 29, 2012.  <u>See</u> Endorsed Order (May 4, 2012) ("May 4th Order"), DE #50.  Even though plaintiffs now contend that their consent to the extension was based on the (allegedly mistaken) assumption that defendants would engage in good faith negotiations to settle the case or at least resolve the parties' discovery disputes, <u>see</u> Pl. Letter at 2, 3, the Court nevertheless finds that the scheduling difficulties cited by defendants in support of their application for an extension provided good cause for the Court's May 4th Order.  <u>See</u> <u>generally</u> Letter Motion for Extension of Time (May 4, 2012) at 2-3, DE #49.  Therefore, the Court declines to alter the June 29th fact discovery deadline.

The additional time granted by the Court to complete fact discovery was intended to afford the parties sufficient time both to complete depositions and to engage in good faith negotiations aimed at settling the case or at least avoiding motions practice over discovery issues; it was not intended to afford the parties more time to serve new demands or to present expanded discovery disputes to the Court.  The Court is troubled by plaintiffs' allegations that defendants have not engaged in the good faith discussions envisioned by the Court in issuing its May 4th Order.  Defendants are directed to promptly confer in good faith with plaintiffs in an effort to resolve this litigation and resolve or narrow the parties' discovery disputes.

Defendants' request for a hearing is denied as moot.

**SO ORDERED.**

**Dated:     Brooklyn, New York
           May 16, 2012**

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**