UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MARK GELFMAN and YANIS GELFMAN, :
*pro se*, :
 : **SUMMARY ORDER ADOPTING**
 : **REPORT AND RECOMMENDATION**
Plaintiffs, : 11-CV-236 (DLI)(RLM)
 :
-against- :
 :
CAPITOL INDEMNITY CORPORATION, :
CAPITOL SPECIALTY INSURANCE :
CORPORATION, and CAPITOL :
TRANSAMERICA CORPORATION, :
 :
Defendants. :
------------------------------------------------------------- x
**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiffs Mark and Yanis Gelfman ("Plaintiffs" or the "Gelfmans") filed this action against Defendants ("Defendants" or "Capitol"), alleging that Capitol breached its contractual obligations under two insurance policies when it disclaimed coverage of the Plaintiffs in a lawsuit commenced by Yuri and Dmitri Kuklachev (the "Kuklachevs"), arising out of Plaintiffs' alleged trademark infringement of the "Moscow Cat Theater" mark. The parties cross-moved for summary judgment (*see* Motion for Summary Judgment in Favor of Plaintiffs, Doc. Entry No. 74; Notice of Defendants' Motion for Summary Judgment, Doc. Entry No. 78), and the Court referred these motions to the Honorable Roanne L. Mann, United States Magistrate Judge, to prepare a Report and Recommendation. On June 10, 2014, Magistrate Judge Mann issued her Report and Recommendation ("R&R"), recommending that the Gelfmans' motion for summary judgment be denied and that Capitol's motion for summary judgment be granted. (*See* R&R, Doc. Entry No. 99.) Plaintiffs filed objections to the R&R (*see* Plaintiffs' Objections to Magistrate Judge's Report and Recommendation ("Pls.' Obj."), Doc. Entry No. 101), which Defendants opposed (*see* Defendants' Response to Plaintiffs' Objections to Magistrate Judge's

Report and Recommendation ("Defs.' Resp."), Doc. Entry No. 102). For the reason set forth below, the R&R is adopted in its entirety.

## STANDARD OF REVIEW

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the R&R for clear error. *Robinson v. Superintendent, Green Haven Correctional Facility,* 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiffs object to the R&R "in its entirety." Plaintiffs' objections, almost uniformly, are conclusory, immaterial, or mere reiterations of arguments litigated before the Magistrate Judge. Nonetheless, in light of Plaintiffs' *pro se* status, the Court has carefully considered each of Plaintiffs' objections and addresses herein those objections that arguably warrant discussion.[1]

First, Plaintiffs complain that the factual background section in their motion for summary judgment should have been construed as a proper Statement of Material Facts under Local Civil Rule 56.1. (Pls.' Obj. at 1.) Plaintiffs do not dispute that they failed to annex to their motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which

---

[1] In reviewing Plaintiffs' submissions, the court is mindful that, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted). Accordingly, the court interprets the Plaintiffs' submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006).

the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). Nonetheless, although "[f]ailure to submit such a statement may constitute grounds for denial of the motion" *id.*, in light of Plaintiffs' *pro se* status, the magistrate judge considered those factual assertions that actually were supported by evidentiary submissions. *See Erickson,* 551 U.S. at 94 (finding that *pro se* submissions should be "held to less stringent standards than [those] drafted by lawyers"). Accordingly, the Court finds that the magistrate judge properly considered the factual record.

Next, Plaintiffs object to the R&R's characterization of the Gelfmans as "promoters" rather than "producers" of the Moscow Cats Theater. (Pls.' Obj. at 1.) However, the R&R accurately indicates that the Kuklachevs alleged that Plaintiffs were their promoters in connection with the related case of *Kuklachev v. Gelfman*, 08-cv-2214 (DLI) (VVP) (the "*Kuklachev* action").

Plaintiffs also take issue with the magistrate judge's finding that the Gelfmans failed to provide Capitol with timely notice of a potential claim under the insurance policies at issue. (Pl.'s Obj. at 2-3.) Plaintiffs do not dispute that they never notified Capitol after receiving a May 31, 2007 cease-and-desist letter from the Kuklachevs threatening legal action. Nor do they dispute that Capitol first learned of the claim thirteen months later through one of the Gelfmans' codefendants in the *Kuklachev* action. However, Plaintiffs argue that their failure to notify Capitol of the potential claim should be excused since they had "a reasonable and credible belief of nonliability." (Pl.'s Obj. at 2 (citing *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995)).

Plaintiffs' bare assertion is unsupported by the record. The cease-and-desist letter, written under the letterhead of Baker & McKenzie LLP, clearly specified the basis of the

3

Kuklachevs's trademark claims and indicated that they were "prepared to take legal action." (Poe Decl., Ex. 13, Doc. Entry No. 81.) This letter would have suggested to a reasonable person the possibility of a claim. Although Plaintiffs contend that they genuinely believed that the cease-and-desist letter was merely "an attempt to blackmail" them, they have not presented any evidence showing that such a belief was objectively reasonable. *See United Nat. Ins. Co. v. 515 Ocean Ave., LLC*, 477 F. App'x 840, 844 (2d Cir. 2012) (summary order) ("At issue is not whether the insured believes he will ultimately be found liable for the injury, but whether he has a reasonable basis for a belief that no claim will be asserted against him."); *see also Sparacino*, 50 F.3d at 143-44 (finding that a union had a reasonable belief of nonliability where its insurance broker had unequivocally stated that the union's insurance policy did not cover the claim at issue). Moreover, Plaintiffs have not offered a valid excuse as to why they failed to notify Capitol of the Kuklachevs's claim even after the *Kuklachev* action was filed. Accordingly, the Court finds that no genuine issue of material fact exists as to whether Plaintiffs failed to provide Capitol with timely notice of a potential claim.

Plaintiffs' objections to the R&R's finding that the claims asserted in the *Kuklachev* action were not covered by the Plaintiffs' insurance policies are also without merit. (Pls.' Obj. at 3.) With respect to this objection, Plaintiffs offer only the conclusory assertion that they have met their burden of proof. The Court finds no error, let alone clear error, with respect to this section of the R&R and adopts Magistrate Judge Mann's analysis in its entirety.

Finally, Plaintiffs object to the magistrate judge's finding that Capitol was not estopped from disclaiming its defense of the Gelfmans. (Pl.'s Obj. at 3-4.) The Gelfmans maintain that Capitol unreasonably delayed disclaiming coverage. (*Id.*) However, Plaintiffs still fail to identify any cognizable prejudice caused by Capitol's conduct. *See Burt Rigid Box, Inc. v.*

4

*Travelers Prop. Cas. Corp.*, 302 F.3d 83, 95 (2d Cir. 2002) (holding that "estoppel requires a showing of prejudice to the insured"). Accordingly, Plaintiffs have failed to establish a genuine issue of material fact with respect to their estoppel argument.

In sum, having undertaken a *de novo* review of those sections of the R&R to which Plaintiffs provide specific objections, the Court hereby adopts Magistrate Judge Mann's characteristically thorough and well-reasoned R&R in its entirety. Accordingly, summary judgment is granted in favor of the Defendants, and the complaint is dismissed.

## CONCLUSION

Upon due consideration, the R&R is adopted in its entirety. The complaint is dismissed as to all Defendants.

SO ORDERED.

Dated: Brooklyn, New York
      August 14, 2014

/s/
DORA L. IRIZARRY
United States District Judge